**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS--EASTERN DIVISION**

| | |
|---|---|
| **Michael A. Williams** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case no. 1:11 CV 07451 |
| ) | |
| **LaGrou Cold Storage and Jack Stewart** ) | Judge John Lee |
| ) | |
| **Defendants.** ) | |
| ) | |

**MOTION TO DISMISS FOR WANT OF PROSECUTION**

Now come the Defendants, LaGrou Cold Storage and Jack Stewart, by their attorneys, Schain, Burney, Banks & Kenny, Ltd., and pursuant to the Federal Rules of Civil Procedure, Rule 41, moves this Court for an Order Dismissing the action for lack of prosecution and in support thereof state as follows:

**I. STATEMENT OF FACTS**

1. On January 13, 2012, Plaintiff, Michael Williams, filed his Complaint with the Court.

2. On April 6, 2012, Defendants filed Answer to Plaintiff's Complaint with the Court.

3. On June 6, 2012, Defendants filed the Initial Reassignment Joint Status Report, however, Plaintiff was unwilling to cooperate in the preparation of that report.

4. At a status hearing held on June 21, 2012, Plaintiff failed to appear.

5. On July 17, 2012, Plaintiff requested and was granted an additional fourteen days, until July 31, 2012, in which to respond to outstanding discovery requests. Plaintiff failed to respond to Defendants' outstanding discovery requests.

6. Also on July 17, 2012, Plaintiff was ordered to tender a written settlement demand to Defendants by July 31, 2012. Plaintiff failed to tender and such settlement demand.

7. On August 28, 2012, this court held a status hearing on this matter. At that status hearing, Plaintiff failed to appear.

## II. ARGUMENTS AND AUTHORITIES

Under the Federal Rules of Civil Procedure, Rule 41(b), Involuntary Dismissal; Effect:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

In the case at bar, Plaintiff has failed to: a) appear in court when ordered to do so by the court, b) cooperate in preparing joint statements for the aid of the court, and c) tender a settlement offer as ordered by the court. Clearly, Plaintiff's conduct in the prosecution of his lawsuit against Defendants falls within the contemplation of Federal Rule of Civil Procedure 41(b).


Michael Burney                                          /s/ Michael Burney
ARDC No. 6302982
Schain, Burney, Banks & Kenny
70 W. Madison Street, Suite 4500
Chicago, IL 60602
Tel. 312.345.5700

**CERTIFICATE OF SERVICE**

I, Michael Burney, an attorney, certify that on August 27, 2012, I served a true and correct copy of the foregoing to above-named attorneys who are registered to receive electronic filings, electronically by operation of the Clerk of the U.S. District Court's Electronic Case Filing (ECF):

Michael A. Williams
7141 S. Green Street
Chicago, Illinois 60621

in accordance with the General Order on Electronic Case Filing which documents the parties may access through the Court's ECF.

/s/ Michael Burney